IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| GEOKINETICS INC., | § § | Case No. 18-33410 |
| Debtor. | § § § | |
| In re: | § § § | Chapter 11 |
| GEOKINETICS USA, INC., | § § | Case No. 18-33413 |
| Debtor. | § § § | |
| In re: | § § § | Chapter 11 |
| GEOKINETICS PROCESSING, INC., | § § | Case No. 18-33412 |
| Debtor. | § § § | |
| In re: | § § § | Chapter 11 |
| GEOKINETICS EXPLORATION, INC., | § § | Case No. 18-33417 |
| Debtor. | § § § | |
| In re: | § § § | Chapter 11 |
| GEOKINETICS (AUSTRALASIA) PTY. LTD., | § § § | Case No. 18-33418 |
| Debtor. | § § | |
| In re: | § § § | Chapter 11 |
| GEOKINETICS INTERNATIONAL HOLDINGS, INC., | § § § | Case No. 18-33414 |
| Debtor. | § § | |

6673407v1

| | | |
|---|---|---|
| In re: | § § | **Chapter 11** |
| **GEOKINETICS HOLDINGS USA, INC.,** | § § | **Case No. 18-33411** |
| Debtor. | § § § | |
| | § | |
| In re: | § § | **Chapter 11** |
| **GEOKINETICS INTERNATIONAL INC.,** | § § | **Case No. 18-33416** |
| Debtor. | § § § | |
| | § | |
| In re: | § § | **Chapter 11** |
| **ADVANCED SEISMIC TECHNOLOGY, INC.,** | § § § | **Case No. 18-33415** |
| Debtor. | § | |

## DEBTORS' EMERGENCY MOTION PURSUANT TO BANKRUPTCY RULE 1015 <u>REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 26, 2018 AT 1:30 P.M. IN COURTROOM 400, UNITED STATES BANKRUPTCY COURT FOR THE**

SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.
REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors")[1] file this motion (the "Motion") for entry of an order pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requesting joint administration of their respective chapter 11 cases. In support of the Motion, the Debtors represent and set forth as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Geokinetics Inc. (0082); Geokinetics USA, Inc. (0110); Geokinetics Processing, Inc. (9897); Geokinetics Holdings USA, Inc. (6645); Geokinetics International Holdings, Inc. (8468); Geokinetics International, Inc. (2143); Geokinetics Exploration, Inc.; Geokinetics (Australasia) Pty. Ltd.; and Advanced Seismic Technology, Inc. (9540). A complete list of the Debtors' federal tax identification numbers and additional information regarding these cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/geok.  The Debtors' address is 1500 Citywest Boulevard, Suite 800, Houston, Texas 77042.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' restructuring, are set forth in greater detail in the Declaration in Support of First Day Motions (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the date hereunder (the "Petition Date").

## PRELIMINARY STATEMENT

1.      The Debtors are closely related entities, sharing common management and ownership. Additionally, there is an overlap of the Debtors' creditors. Joint administration will ensure that all parties receive notice of all critical events and is a more efficient and cost-effective use of the Debtors' resources. Finally, joint administration of the Debtors' chapter 11 cases will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the six Debtor cases, thereby saving the Debtors' estates, and the Bankruptcy Court, considerable time and resources.

2.      Accordingly, the Debtors submit that the relief requested herein is critical to their ability to operate effectively and to preserve the value of their estates throughout these chapter 11 cases, and therefore, is in the best interests of the Debtors, their estates, and their creditors.

## JURISDICTION

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedures and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## EMERGENCY CONSIDERATION

6.      For a debtor to obtain relief to make payments within 21 days of the Petition Date, it must establish that making such payments satisfies the requirements mandated by Bankruptcy Rule 6003—namely, the relief requested is necessary to avoid "immediate and irreparable harm." To avoid confusion and facilitate a smooth transition into the Chapter 11 Cases (defined below), it is critical that the cases be jointly administered during the first 21 days, a period during which

there will be a significant volume of docket filings and other procedural events. As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

## BACKGROUND

7.     On June 25, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated.

8.     The Debtors and their non-debtor subsidiaries are a full service global provider of seismic data acquisition, processing, and integrated reservoir geosciences services to the oil and natural gas industry.  The Debtors are industry leaders in land, transition zone, and shallow water (down to 500 feet water depths) ocean bottom cable environments and have the capacity to operate crews worldwide.

9.     The Debtors provide a suite of geophysical services, including acquisition of 2D, 3D, and time-lapse 4D multi-component seismic data surveys, data processing, and integrated reservoir geosciences services for customers in the oil and natural gas industry, which include national oil companies, major international oil companies, and independent oil and gas exploration and production companies worldwide.  Seismic data is used by these customers to identify and analyze drilling prospects, maximize drilling success, optimize field development, and enhance production economics.

10.     This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein. Additional facts specific to this Motion are set forth below.

11.     The Debtors are all affiliated as defined in Bankruptcy Code section 101(2). A copy of the Debtors' organizational chart is attached hereto as **Exhibit A**.

## RELIEF REQUESTED

12.     By this Motion, the Debtors seek entry of an order under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 consolidating the Chapter 11 Cases for procedural purposes only, and waiving, to the extent not satisfied, the requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and certain notices in the Chapter 11 Cases contain certain identifying information with respect to each Debtor.

13.     In addition, the Debtors request that the Court make separate docket entries on the dockets of each of the Chapter 11 Cases, substantially as follows:

> "An order has been entered in this case consolidating this case with the case of GEOKINETICS, INC. Case No. 18-33410 (DJ) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-33410 (DJ) should be consulted for all matters affecting the above listed case."

14.     For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

15.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. FED. R. BANKR. P. 1015(b). The Debtors in these cases

are "affiliates" of each other as that term is defined in 11 U.S.C. § 101(2)[3] and as used in Bankruptcy Rule 1015(b). Joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

16.    Moreover, the joint administration of the Chapter 11 Cases will permit the use of a single, consolidated docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

17.    Joint administration will avoid the need for repetitive, duplicative, and potentially confusing notices, motions, and applications, and other filings thereby saving time and expense. In particular, joint administration will permit counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

18.    No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. *See, e.g., In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) ("Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates."). Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

---

[3]  In particular, affiliate is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor . . ."  11 U.S.C. § 101(2)(B).

19.     As the proposed joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors. Separate claims registers shall be maintained for each Debtor.

20.     Under Bankruptcy Code section 342(c)(1), "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor."  The proposed caption contains all of the required information, and, therefore, satisfies the terms of Bankruptcy Code section 342(c)(1).

21.     In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **GEOKINETICS INC.,** *et al.*, | § | **Case No. 18-33410** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Geokinetics Inc. (0082); Geokinetics USA, Inc. (0110); Geokinetics Processing, Inc. (9897); Geokinetics Holdings USA, Inc. (6645); Geokinetics International Holdings, Inc. (8468); Geokinetics International, Inc. (2143); Geokinetics Exploration, Inc.; Geokinetics (Australasia) Pty. Ltd.; and Advanced Seismic Technology, Inc. (9540). A complete list of the Debtors' federal tax identification numbers and additional information regarding these cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/geok.  The Debtors' address is 1500 Citywest Boulevard, Suite 800, Houston, Texas 77042.

22.    The Debtors further request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors (other than Geokinetics, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Geokinetics Inc. (Case No. 18-33410); Geokinetics USA, Inc. (Case No. 18-33413); Geokinetics Processing, Inc. (Case No. 18-33412); Geokinetics Exploration, Inc. (Case No. 18-33417); Geokinetics (Australasia) Pty. Ltd. (Case No. 18-33418); Geokinetics International Holdings, Inc. (Case No. 18-33414); Geokinetics Holdings USA, Inc. (Case No. 18-33411); Geokinetics International, Inc. (Case No. 18-33416) and Advanced Seismic Technology, Inc. (Case No. 18-33415). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 18-33410.**

23.    Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.  All pleadings filed

and each notice mailed by the Debtors will include a footnote directing parties to PrimeClerk's website where a listing all of the Debtors, the last four digits of their tax identification numbers, if applicable, and the address of their headquarters will be available. Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

24.    To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by Bankruptcy section 342(c)(1) and/or Bankruptcy Rule 2002(n) is warranted. Including all Debtors on every pleading would be unduly cumbersome and may be confusing to parties in interest.

25.    Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number."  This Motion and the proposed order satisfy these requirements. To the extent the Motion or the Order are deemed not to comply with such rule, the Debtors request a limited waiver.

26.    For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

## NOTICE

27.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' 30 largest unsecured creditors on a

6673407v1

consolidated basis; (c) counsel to the DIP Lenders; (d) counsel to the Debtors' prepetition secured lenders; (e) counsel to the proposed Stalking Horse Bidder; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (i) any party required to be served under Bankruptcy Local Rule 9013-1(d).  Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## <u>CONCLUSION</u>

28.     WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed hereto granting the relief requested in the Motion and (b) grant such other and further relief as may be just and proper.

Houston, Texas
Date: June 25, 2018.

<div style="margin-left:40%">

PORTER HEDGES LLP

By:     /s/ John F. Higgins
        John F. Higgins
        State Bar No. 09597500
        Joshua W. Wolfshohl
        State Bar No. 24038592
        Aaron J. Power
        State Bar No. 24058058
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Fax: (713) 226-6248

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

</div>